UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS                                                                                          PLAINTIFF

VS.                                    Case No. 1:24-cv-01174-MN

RUMBLE, INC. and                                                                                    DEFENDANTS
JOHN DOE, d/b/a/ THE SPECTRE REPORT

### NOTICE REGARDING COURT'S SUA SPONTE REVIEW UNDER 28 USC §1915(e)

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following notice regarding the sua sponte review under 28 USC §1915(e) that this court is almost certainly currently conducting.

1. As I explained in the Complaint (Dkt. 2), the individual defendant (a John Doe defendant who goes by the alias "The Spectre Report") also performed a livestream where he read and reacted to "the Kiwi Farms case" (Case 2:24-cv-00140 in the US District Court for the Southern District of West Virginia). As I explained in Dkt. 2, ¶ 8 of this case, that case is identical in merit to the instant case, as they both involve defendants reacting to the same video, both playing 100% of said video, and offering little more than layperson opinions and commentary on same.

2. After filing the instant case, I began reviewing Spectre's reaction to that case, as good litigants and attorneys are wont to do. While reviewing it, I noticed that he made not one, but two public admissions that I believe the Court should consider when reviewing this case under 28 USC §1915(e). The stream has been taken down by Rumble for a terms of service violation, but I have uploaded the relevant clips unlisted to my YouTube channel for the Court's convenience.

**Admission #1: Admitting to creating a market substitute**

3. As this court is surely well aware, the fourth factor of fair use – effect on the market – is "undoubtedly the single most important element of fair use." See Harper & Row v. Nation, 471 US 539, 566 (1985). What this means, in practice, is that the secondary work cannot serve as a substitute for my copyrighted work. On my own YouTube channel, in the video found at the url of https://youtu.be/G1TWOuUehzY?t=2667 (timestamp[1] 44:27 – 45:27), I explain, in laymen's terms, the following:

"When I say 'market substitute,' it's important to understand I'm not just talking

---

[1] For some reason, the "clip" feature is not available for this video. If it was, I would just make a clip of this segment and provide the link to that clip. But since it's not available, the best I can do is provide a link to the whole video and provide the relevant timestamps.

> about people hearing your review of my video and not wanting to waste their time watching my video because they know it's going to suck. That's not a market *substitute*. That's market *destruction*. That *crushes* the market for my videos. There is no longer any demand for my videos.
>
> Market *substitute* ... means people still want to watch my videos, but they don't have to come onto my channel and give me, personally, any views or watch time in order to see those videos because you've already shown the whole thing in your reaction series! That's what it [the law] means by 'market substitution.' There is still a *demand* for my videos, a demand that *you* are now *supplying*."

4. I'm sure this Court will agree that my understanding of the fourth factor is accurate and my explanation of it apt and succinct.

5. That being said, the first time when Sepctre shot himself in the foot in regards to the instant case happens at timestamp 1:33:36 – 1:34:39. My perservation of the clip can be found here: www.youtube.com/watch?v=0Lz4c9ZeFf4.

6. In that segment, Spectre openly and publicly admits that the aforementioned description of what it means to create a "market substitute" is precisely what he did with his own reaction to my video "Kiwi Farms Goes to the Supreme Court; It Will Most Likely Fail, and Here's Why." As I alluded to in the Complaint, proving market substitute is one way I can singlehandedly kill a fair use defense to the exclusion of all other factors. See Complaint, ¶ 59. Well, now, my proof of said market substitute includes *the defendant's own admission* that he has created one!

7. To be clear, co-defendant Rumble Inc. is not bound by this admission. But at the same time, they also aren't being sued for copyright infringement in the first place. They are only a co-defendant because of the slander. So they have no skin this game anyway.

8. Therefore, I am almost certain to prevail on the claim of copyright infringement. Therefore, the Court should allow this case to proceed under 28 USC § 1915(e).

### Admission #2: I "might have a case" in the Kiwi Farms case.

9. The next time Spectre shot himself in the foot during this stream happened at timestamp 1:42:15 – 1:42:37, which you can see here: www.youtube.com/watch?v=ZEKHFDZLqY0.

10. In this clip, he admits that I have a colorable case against Kiwi Farms, one that has a greater than astronomical chance of success. He further clarifies that it all boils down to one question: "Is it transformative?" In other words, will the judge in that case agree with me that the direct infringer (Bruno Powroznik) has provided insufficient "value added" through his commentary to qualify as transformative. Of course, he still fails to take into account the other three factors of

fair use (a pitfall many, many reaction channels online frequently fall into), but the important thing is that, at least insofar as the first factor, taken in a vacuum, is concerned, my case against Kiwi Farms actually has a fighting chance.

11. This contradicts his later assertion, in his slander stream which he posted after I had his reaction stream removed via DMCA Takedown. Unlike either of his reaction streams, this stream is still up, and can be viewed here: https://rumble.com/v5dcseq-acerthorn-impromptu-livestream.html. At timestmap 2:06 – 2:18, he loudly and confidently proclaims that his reaction stream to the exact same original video was "100% fair use."

12. Remember that the Kiwi Farms case is *identical in merit* to the instant case![2] There is no legally relevant difference between that case and this one. Both copied 100% of my original video and therefore necessarily created a market substitute (something which Spectre already admitted to, as I showed above), and both provided only layperson opinions and observations which they claim makes their response "transformative." So it is preposterous to assume that one of them actually has a colorable and arguable chance of success, but the other is frivolous.

13. What exactly makes Spectre's commentary and criticism so much better than Bruno's? Bear in mind that, in both cases, the individual infringers are relying *solely* on the fact they are providing criticism and commentary in order to make their cases, while completely ignoring the other three factors, and even going out of their way to get the worst possible scores in the other three factors, because they both arrogantly believe that "giving criticism" is all they need to do.

14. So if, by Spectre's own admission, I have an arguable case against Kiwi Farms, why wouldn't I also have an arguable case against him for the exact same thing? What, does he believe that, unlike Bruno, his commentary really does rise to the level of "absolute gold... the kind that Confucius himself would tip his hat to,"[3] that would be needed to qualify for fair use just on criticism and commentary alone?

15. No, I actually know the real reason. It's not a reason he'll ever admit to out loud. It may not even be something he is consciously aware of, but at least subconsciously, the real reason he has such different opinions about these two identical-in-merit cases is this: Because, this time around, Spectre himself is the defendant. That's it. That's literally 100% of the difference. The fact that I'm suing *him*, of all people, for *literally anything*, automatically makes the lawsuit

---

2  For what it's worth, the Baz case, which I mention in ¶¶ 4-6 of the Complaint, is also identical in merit to these two, and as I explained in ¶ 6 of the Complaint, that case has already survived scrutiny under §1915(e).
3  See Dkt. 2, ¶ 64.

frivolous, even if that same lawsuit were filed against literally anyone else.

16. In short, he just has a god complex.

17. Therefore, this Court should allow the copyright infringement claim in the instant case to proceed.

**Some clarification regarding my "absolute gold" line in the Complaint.**

18. This is not an admission from Spectre, but rather, an interpretation from him that invites some clarification from me.

19. At timestamp 1:52:33 – 1:53:06 of his stream, he read and reacted to the part where I said "unless the criticism he provides is *absolute gold* – not just disagreeing with opinions or saying that my voice is annoying, but extremely profound, downright philosophical commentary, the kind that Confucius himself would tip his hat to – then his case for fair use is effectively dead on arrival." That language has also been carried over to the instant case, in ¶ 64 of the Complaint, so it bears elaboration here. The reaction in question can be seen at the following URL: https://www.youtube.com/watch?v=ygVrAjiyvFA.

20. To clarify, I do not believe that any secondary user must achieve Aristotle or Socrates levels of profoundness in order to get fair use. That is an absurd notion. To help illustrate my point, here are just two examples:

21. First, on September 26, 2003, at the event "UFC 44: Undisputed," Randy Couture faced Tito Ortiz in the main event for the UFC Light Heavyweight Championship. That fight can be viewed for free at the following URL: https://www.youtube.com/watch?v=pzwaoaED_EI. All throughout the fight, Couture showed complete dominance over Ortiz, amassing an astounding lead in points. His lead was so large that, at timestamp 26:32 – 26:42, the commentary team observed that the only way Ortiz could possibly win at this point is if he were to come from behind with such an incredible flurry of offense that the referee had no choice but to stop the fight and award the victory to Ortiz automatically.

22. That does not mean that every mixed martial arts fighter needs to completely pummel his opponent in such a brutal and one-sided fashion in order to be the victor. That only happens where your opponent has already built up a commanding point lead going into the final round.

23. Alternatively, imagine if there was a student in school. The class he was taking had 15 grades for the semester, but the student had gotten zeroes (not just F's, but full-blown zeroes) on six of them. In my state, 60% is the lowest D, so it is still technically possible for that student to

still get a passing grade for the class. But in order to do so, he would have to get perfect 100's (not merely A's) on all nine of his remaining grades.

24.   That does not mean that every student, in every semester, must get nine 100's in a row in order to pass the class, only a student for whom 40% of his grade otherwise are not only F's, but full-blown zeroes. Even 40% F's would not trigger such "all or nothing" conditions moving forward.

25.   Likewise, in the instant case (as well as the Kiwi Farms case and the Baz case), I am not saying that all people who review or criticize my content must obtain Aristotle or Isaac Newton levels of profoundness in their commentary in order to get fair use. That requirement only kicks in when the secondary user enters the fair use analysis with 3½ factors weighing against him right out of the gate, including the third factor weighing against him as heavily as it possibly can weigh because he used literally 100% of my original video. Then, and only then, does the criticism or commentary need to be Galileo or Charles Dickens levels of genius for the defendant to come from behind and prevail on the defense of fair use.

26.   I hope that clears it up.

## Conclusion

27.   Wherefore, premises considered, I respectfully pray that the Court conclude its §1915(e) review of the Complaint in my favor, and allow the case to proceed.

So submitted on this, the 15th day of November, 2024.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com
