UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS                                                                      PLAINTIFF

VS.                                    Case No. 1:24-cv-01174-MN

RUMBLE, INC. et al                                                                DEFENDANTS

## MOTION TO APPOINT COUNSEL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Appoint Counsel in the above-styled action.

### Authority to appoint.

1. "The court may request an attorney to represent any person unable to afford counsel." See 28 USC § 1915(e)(1). The fact that I am unable to afford counsel is proven by my In Forma Pauperis application. ECF 1.

2. The case of Tabron v. Grace, 6 F. 3d 147 (3rd Cir. 1993) sets forth the conditions the district court must consider when deciding such a motion. These factors are (A) "Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law;" (B) "The plaintiff's ability to present his or her case... Courts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience;" (C) "if such a plaintiff's claim is truly substantial;" (D) "difficulty of the particular legal issues. The court should be more inclined to appoint counsel if the legal issues are complex;" (E) "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" (F) "where the claims are likely to require extensive discovery and compliance with complex discovery rules;" (G) "when a case is likely to turn on credibility determinations;" and (H) "where the case will require testimony from expert witnesses." See id at 155-56. I will address each of these factors in turn.

<u>"the claim has some merit in fact and law."</u>

3.   This factor is the only one that, if not satisfied, dispositively resolves the matter in favor of not appointing counsel. This factor also appears to be redundant of the sua sponte review of the Complaint the Court is already making under 28 USC § 1915 to see if the complaint states a claim upon which relief can be granted.

4.   Because of the redundancy, the Court may choose to hold off on ruling on this motion until it completes that review, and if it concludes said review in my favor, it can rubber-stamp this section of this motion and move on to the next factors.

<u>"The plaintiff's ability to present his or her case... Courts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience."</u>

5.   I have no legal education. While I am literate, I have no paid experience in the practice of law. While I have represented myself in other cases in other districts, I have never won a case. The only real "victory" I ever had was in the Central District of California, where I settled out of court, but even then, the settlement agreement explicitly stated that the parties admit to no wrongdoing.

6.   Therefore, I believe this factor weighs in my favor, or is at least neutral.

<u>"if such a plaintiff's claim is truly substantial;"</u>

7.   I am seeking statutory damages of up to $900,000. That is substantial. Therefore, this factor weighs in favor of appointing counsel.

<u>"difficulty of the particular legal issues. The court should be more inclined to appoint counsel if the legal issues are complex;"</u>

8.   This is a lawsuit for copyright infringement. Not only that, but it is one where "fair use" is most likely going to be the individual defendant's primary defense on the merits. "The fair use

doctrine has been called 'the most troublesome in the whole law of copyright.'" See Monge v. Maya Magazines, Inc., 688 F. 3d 1164, 1170 (9th Cir. 2012) (citing Dellar v. Samuel Goldwyn, Inc., 104 F.2d 661, 662 (2d Cir. 1939) (per curiam)).

9. Therefore, this factor weighs *heavily* in favor of appointing counsel.

<u>"the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;"</u>

10. Again, fair use is most likely to be the individual defendant's primary defense on the merits. "[T]he fair use analysis is fact intensive... a fair use determination is a case specific endeavor." See Williams v. Columbia Broadcasting Systems, 57 F. Supp. 2d 961, 968 (CD Cal 1999). See also In re DMCA § 512 (h) Subpoena to Twitter, Inc., 608 F. Supp. 3d 868, 879 (N.D. Cal 2022) ("The fair use analysis is fact intensive; courts are to eschew bright-line rules and categories of presumptively fair use, and instead engage in a case-by-case analysis. All four factors are to be explored, and the results weighed together, in light of the purposes of copyright").

11. One of the most fact-intensive inquiries of them all is the question of whether the reaction stream in question constitutes a market substitute of my original video. "Since fair use is an affirmative defense, its proponent would have difficulty carrying the burden of demonstrating fair use without favorable evidence about relevant markets." See Campbell v. Acuff-Rose Music, Inc., 510 US 569, 590 (1994). That alone may be a sufficiently intensive factual inquiry to swing this factor definitively in my favor, all by itself.

12. But then, there is also the question of whether or not the underlying songs qualify as unpublished. As I explained in the complaint, Circular 66 from the US Copyright Office states that a work is not automatically considered published simply because it is posted to a website. Instead, to determine if a work is published, the Court will have to consider a variety of factors, inc-

luding but not limited to whether or not downloading of the work is expressly authorized, whether said downloads are retainable and/or owned by the audience member, and whether the audience member keeps a copy of the work after navigating away from the corresponding webpage from which he originally got it. This is likely to also be a fact-intensive inquiry.

13. As for the slander claim, Rumble Inc. is likely to raise § 230 immunity as a defense. As I explained in the Complaint, whether they have said immunity will turn largely on whether and to what extent their algorithm distributed the stream where the individual defendant said, referencing me, "he does not consider fair use; I want to make that perfectly clear." Inquiries into the inner workings of Rumble's algorithm is sure to be a fact-intensive inquiry.

14. Therefore, this factor also weighs heavily in favor of fair use.

<u>"where the claims are likely to require extensive discovery and compliance with complex discovery rules;"</u>

15. This case is for both copyright infringement and slander.

16. The copyright infringement (and especially the defense of fair use) will require intensive discovery into a variety of things, including but not limited to, whether and to what extent either defendant monetized the reaction stream in question, and whether or not the stream constitutes a market substitute of the original video, which, as I explained earlier, will likely require "evidence of relevant markets," which will itself require extensive and complicated discovery.

17. Therefore, just on the copyright alone, this factor cautions in favor of appointing counsel.

18. As for the slander, again, whether and to what extent Rumble's algorithm distributed the individual defendant's slander stream will surely require extensive and complex discovery.

19. Therefore, this factor weighs heavily in favor of appointing counsel.

<u>"where the case will require testimony from expert witnesses"</u>

20. The question of fair use – and more specifically, the question of whether the reaction stream constitutes a market substitute – will most likely require an expert witness from the defendant. This "soft requirement" stems from a combination of Campbell, supra (which requires "favorable evidence of relevant markets") and FRE 602 (which requires evidence to be based on either expert testimony or personal knowledge). I explain as much in this clip from one of my own YouTube videos: https://youtube.com/clip/Ugkx1gBo9I53U88oXTUD9iPiRlF7PP_QNt1N

21. As for the issue of slander, as I've already said, whether Rumble has immunity hinges on whether their algorithm distributed the slander stream. These inquiries into Rumble's algorithm will require an IT expert to understand and explain to the court and/or jury. Whereas the need for an expert witness on the issue of fair use was only a soft requirement, this one is a hard requirement. We'll need an IT expert and there's no two ways about it.

22. Therefore, this factor weighs in favor of appointing counsel.

<u>"when a case is likely to turn on credibility determinations;"</u>

23. Because this case is likely to require expert witnesses for both claims, the credibility of those expert witnesses will be an important factor. Therefore, this factor also weighs in favor of appointing counsel.

**Tabron factors in conclusion**

24. In conclusion, nearly all of the relevant factors in Tabron v. Grace weigh in favor of appointing counsel. The only one that's really neutral is my prior experience. But even then, my abysmal win-loss record shows that I can't possibly be as experienced as my litigation history alone would have one believe, so the factor is neutral or slightly favoring appointing counsel.

25. Therefore, the Court should appoint counsel.

**An order denying this motion will be immediately appealable.**

26. If the Court denies this motion, it will be immediately appealable under Cohen's "collateral order" doctrine. See Ray v. Robinson, 640 F. 2d 474 (3rd Cir.1981). "Ray filed a motion requesting reconsideration of his motion for appointment of counsel. The district court denied this request... Ray appeals from this order." See id at 475. "Therefore, fully cognizant of the "limited class" of final collateral orders, we hold that the order in this case falls within that category." See id at 477.

## Conclusion

27. Wherefore, premises considered, I respectfully pray that the Court appoint counsel to represent me in the above-styled action, and for any other relief to which I may be entitled.

So requested on this, the 3rd day of January, 2025.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave., APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com
