ALD-116
## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **25-2008**

DAVID STEBBINS,
            Appellant

    VS.

RUMBLE INC., ET AL.

    (D. Del. Civ. No. 1:24-cv-01174)

Present:       SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

        Submitted are:

        (1)    By the Clerk for possible dismissal due to a jurisdictional defect;

        (2)    By the Clerk for possible summary action under 3rd Cir. LAR 27.4
               and Chapter 10.6 of the Court's Internal Operating Procedures;

        (3)    Appellant's response;

        (4)    Appellant's motion to reopen; and

        (5)    Appellant's motion to proceed in forma pauperis

        in the above-captioned case.

                        Respectfully,

                        Clerk

DAVID STEBBINS,
        VS.
RUMBLE INC., ET AL.
C.A. No. **25-2008**
Page **2**

_____ORDER_____

On January 6, 2026, the Clerk dismissed the appeal because Appellant failed to pay the fees or submit an in forma pauperis ("IFP") application.  Thereafter, Appellant filed a timely motion to reopen and an IFP application.  The motion to reopen is granted. *See* 3d Cir. L.A.R. Misc. 107.2(a). Appellant's motion to proceed in forma pauperis also is granted.  *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

The question of jurisdiction raised by the Clerk in her letter of June 2, 2025, is referred to the merits panel.  *See* 3d Cir. I.O.P. 10.3.5.  This order does not represent a finding of jurisdiction – as in all cases, the panel of this Court that reviews the case on the merits will make a final determination of jurisdiction.  We conclude that the appeal is not appropriate for summary action under Third Circuit LAR 27.4 and I.O.P. 10.6 at this time.  The Clerk shall issue a briefing schedule.  In addition to any other issues he may wish to raise, Appellant shall address:

(1)    Whether this Court has appellate jurisdiction, *compare Reuber v. United States*, 773 F.2d 1367, 1368 (D.C. Cir. 1985), *with Hill v. Henderson*, 195 F.3d 671, 672–73 (D.C. Cir. 1999); *see also Carteret Sav. Bank, F.A. v. Shushan*, 919 F.2d 225, 230 (3d Cir. 1990);

(2)    Assuming the Court has appellate jurisdiction, whether the District Court should have granted Appellant leave to amend his complaint, *see Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025); *Anderson v. TikTok, Inc.*, 116 F.4th 180, 184 (3d Cir. 2024); and

(3)    Assuming the Court lacks appellate jurisdiction, whether there is any basis for mandamus relief here, *see Swindell-Dressler Corporation v. Dumbauld*, 308 F.2d 267, 271 (3d Cir. 1962).

By the Court,

s/ Arianna J. Freeman
Circuit Judge

Dated: April 24, 2026PDB/cc:

David Stebbins

**A True Copy**:

*Patricia A. Dodszuweit*

Patricia S. Dodszuweit, Clerk