**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **25-2008**

DAVID STEBBINS,
Appellant

VS.

RUMBLE INC., ET AL.

(D. Del. Civ. No. 1:24-cv-01174)

Present: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

Submitted pursuant to Third Circuit L.A.R. 34.1(a) in the above-captioned case.

Respectfully,

Clerk

ORDER

This appeal is dismissed for lack of appellate jurisdiction. Absent exceptions that do not apply here, this Court's appellate jurisdiction is limited to reviewing "final decisions of the district courts." 28 U.S.C. § 1291. A final decision is typically one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 269 (3d Cir. 2013) (citations omitted). The District Court's order on appeal here dismissed claims against one defendant and ordered a transfer, which has not yet occurred, of the remaining claims. This Court does "not ordinarily have appellate jurisdiction over a district court order that resolves fewer than all the claims of all the parties in a single action because such orders do not constitute 'final decisions' per 28 U.S.C. § 1291." *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005) (citation omitted). And, generally, venue transfer orders are not immediately appealable. *See In re Federal Mogul Global, Inc.*, 300 F.3d 368, 378 (3d Cir. 2002). Stebbins has not argued that any exception to these rules applies here.

To the extent that Stebbins requests mandamus relief, the request is denied. Mandamus is a drastic remedy that should be granted only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that "no

other adequate means" exist to obtain the relief requested, and a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). Stebbins has primarily requested mandamus relief based on an alleged error in the District Court's dismissal order. But he can obtain review of that issue on appeal from a final order in this case. *See id.* at 77 (explaining that mandamus is not a substitute for an appeal). To the extent that Stebbins also requests mandamus relief based on the District Judge's alleged bias, he has not shown that the District Judge's impartiality would reasonably be questioned. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301. (3d Cir. 2004). Stebbins' mere disagreement with the District Judge's rulings is not an adequate basis for recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). And Stebbins has raised no other grounds for mandamus relief.

By the Court,

s/ Richard L. Nygaard
Circuit Judge

COURT OF APPEALS FOR THE THIRD CIRCUIT · SEAL OF THE UNITED STATES

Dated: September 18, 2026
Tmm/cc: David Stebbins

**A True Copy:**

Patricia S. Dodszuweit

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate